**Order filed January 14, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00158-CV

_____

### YUVAL LAPINER, Appellant

### V.

### JACKOB MAIMON, MAX PRIDGEON, MICHELLE R. CINNAMON-FLORES, HAIM TSUFF, GOODRICH GLOBAL LTD., AND ISRAMCO, INC., Appellees

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-34535**

## ORDER

The court has determined that certain exhibits to items appearing in the clerk's record, which were reviewed by the trial court in camera, have been destroyed. Rule 34.5(e) of the Texas Rules of Appellate Procedure provides:

> If a filing designated for inclusion in the clerk's record has been lost or destroyed, the parties may, by written stipulation, deliver a copy of that item to the trial court clerk for inclusion in the clerk's record or a

supplement. If the parties cannot agree, the trial court must—on any party's motion or at the appellate court's request—determine what constitutes an accurate copy of the missing item and order it to be included in the clerk's record or a supplement.

Tex. R. App. P. 34.5(e).

Accordingly, the trial court is directed to conduct a hearing to determine: (1) whether portions of the record have been destroyed that are relevant to the issues on appeal and, if so, (2) whether the parties can agree on what constitutes an accurate copy of the missing portions. For relevant missing portions on which the parties cannot agree, the trial court is directed to determine what constitutes an accurate copy of those portions. The trial court shall then order all of the relevant missing portions to be included in a supplemental clerk's record. The trial court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings and the missing portions filed with the clerk of this court, together with a supplemental reporter's record of the hearing, **within 30 days** of the date of this order**.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and the supplemental records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing within seven days of the date of this order, the court coordinator of the trial court shall promptly set a hearing date and notify the parties of such date.

PER CURIAM

Panel consists of Justices Frost, Brown, and Busby.